# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| EVETTE FEAGIN, | |
| Plaintiff, | Civil No. 18-3134 (RBK/JS) |
| v. | **OPINION** |
| MITT ROMNEY, *et al.*, | |
| Defendant(s). | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the complaint and application to proceed *in forma pauperis* (Doc. No. 1) of Plaintiff Evette Feagin ("Plaintiff"). Plaintiff has alleged that defendants tried to blow up her apartment building and "all need death penalty," a remedy not cognizable in civil litigation. (Compl. at 1). We dismiss.

## I.     THE FACTS

Plaintiff resides at 140 South Orange Avenue, Newark, New Jersey. She alleges that defendants Mitt Romney, James Traffinger, Christie Todd Whitman, Todd Hoffman, Muobo Newkirk Enoaho, and Louis Farrakkan, all "tried to blow up downtown Newark" and "are trying to blow up [Plaintiff's] residential building."[1] (*Id.* at 4). Plaintiff seeks the death penalty for all defendants except Louis Farrakkan. (*Id.* at 1) Her desired remedy as to Mr. Farrakkan is unclear, though she also seeks $100,000 "to be awarded to [Plaintiff]." (*Id.* at 5).

---

[1] Curiously, Plaintiff pleads all of defendants' addresses as 140 South Orange Avenue as well. (Compl. at 2-3). As such, they purportedly sought to blow up their own residences.

## II. LEGAL STANDARD

District courts must review complaints in civil actions in which a litigant is proceeding *in forma pauperis* and must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Pro se complaints must be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III. DISCUSSION

Even under the most liberal of constructions, Plaintiff's complaint fails to state a claim upon which relief may be granted and is in no way plausible on its face. Her facts section amounts to an accusation that defendants tried to blow up Newark and her apartment building, and that her "residential building needs a contractor to deter terrorism." (Compl. at 4). Plaintiff writes that while she has copper pipes in her walls, heat, and a stove, she needs a terrorist deterrent as well. (*Id.*). Somehow, this lack of a deterrent is the defendants' fault and—in Plaintiff's eyes—punishable by death and $100,000. (*Id.* 1-5).

Furthermore, Plaintiff's complaint appears frivolous and malicious. She seeks the death penalty—an extreme measure and one that unfortunately for Plaintiff, a federal court may not grant in civil actions.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's complaint is **DISMISSED**. An order follows.


Dated:       03/15/2018                            /s Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge